UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

J & J SPORTS PRODUCTIONS, INC.,

             Plaintiff,                                Case No. 13-13963

                                                      Paul D. Borman

v.

                                                      United States District Judge

BADER MATTI,

             Defendant.

_____/

ORDER DENYING PLAINTIFF'S MOTION FOR
DEFAULT JUDGMENT WITHOUT PREJUDICE (ECF No. 14)

      This action arises from Plaintiff J & J Sports Productions, Inc.'s ("Plaintiff") allegation that Defendant Bader Matti violated federal law by illegally broadcasting a boxing match at his bar. Defendant Matti has failed to defend or otherwise appear in this action and Plaintiff now moves this Court for entry of a Default Judgment pursuant to Federal Rule of Civil Procedure 55(b)(2). (ECF No. 14)

      On September 16, 2013, Plaintiff filed its complaint against Defendant Matti and also against 150 West Café, LLC. (ECF No. 1, Compl. ¶¶ 6-8). Plaintiff alleges in its complaint that it has the exclusive nationwide television distribution rights for the "*'Star Power' Floyd Mayweather, Jr. v. Victor Ortiz, Championship Fight Program*" that was telecast nationwide on Saturday, September 17, 2011. (Compl. ¶ 10). Plaintiff claims that Defendants illegally broadcast this Program to the patrons of 150 West Café on September 17, 2011 in violation of the Communication Act of 1934, as amended, 47 U.S.C. 605, *et seq*., and the Cable & Televison Consumer Protection and Competition Act of 1992, as amended, 47 U.S.C. 553, *et seq*. (*Id*. at ¶¶ 9-24). Plaintiff also claims that the broadcast constituted conversion. (*Id*. at ¶¶ 24-27).

Plaintiff states Defendant Matti was personally served with the summons and complaint in this action on November 3, 2013.  (Pl.'s Mot., Ex. B, signed Return of Service Form). Plaintiff further states that it moved to voluntarily dismiss Defendant 150 West Café, LLC from this action after discovering that Defendant 150 West Café, LLC had been dissolved pursuant to a state court ordered receivership.  (Pl.'s Br. at 3; ECF No. 9, Order Dismissing 150 West Café, LLC).  On January 22, 2014, Plaintiff requested entry of clerk's default against Defendant Matti. (ECF No. 7).  This request was granted on January 23, 2014.  (ECF No. 8).

Once a clerk's entry of default is obtained pursuant to Federal Rule of Civil Procedure 55(a), the party may then file for a default judgment by the clerk or by the court.  FED. R. CIV. P. 55(b).  When the plaintiff's complaint alleges damages for a sum certain a default judgment by clerk is appropriate.  FED. R. CIV. P. 55(b)(1).  "In all other cases, the party must apply to the court for a default judgment."  FED. R. CIV. P. 55(b)(2).  Although Rule 55(b)(2) does not provide a standard to determine when a party is entitled to a judgment by default, the case law sets forth that the court must exercise "sound judicial discretion" when determining whether to enter the judgment.  Wright & Miller, 10A Federal Practice & Procedure, § 2685 (3d ed. 1998) (collecting cases).

Plaintiff now moves this Court to enter a default judgment against Defendant Matti in the amount of "$110,000.00, plus attorney's fees and court costs in the amount of $2,540.00, as provided by 47 U.S.C. 553, *et seq*. and 47 U.S.C. 605, *et seq*.".  (Pl.'s Mot. at ¶ 8).  In support of its motion for default judgment Plaintiff states that Defendant Matti illegally broadcast the Mayweather versus Cotto program (and/or its under-card preliminary bouts) in the 150 West Café, LLC, on May 5, 2012 and attaches an affidavit to support this allegation.  (Pl.'s Br. 1-4,

2

Ex. E, Taylor Aff. at ¶ 3).  However, Plaintiff's complaint alleges Defendant Matti violated the law by illegally broadcasting a different program (the Mayweather versus Ortiz program) on a different date (September 17, 2011).  (*See* Compl. ¶ 10).

Therefore, Plaintiff's motion for default judgment fails to set forth or support the factual basis of the legal violations asserted in the Complaint.  Accordingly, it would not be within the "sound judicial discretion" of this Court to grant Plaintiff's request for a the entry of a default judgment and the Court DENIES WITHOUT PREJUDICE Plaintiff's motion for default judgment (ECF No. 14).

SO ORDERED.


                                        s/Paul D. Borman
                                        PAUL D. BORMAN
                                        UNITED STATES DISTRICT JUDGE


Dated:  August 5, 2014

CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on August 5, 2014.


                                        s/Deborah Tofil
                                        Case Manager